## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PREFERRED SPECTRUM INVESTMENTS LLC, | Case No. 21-10422 (LSS) |
| Debtor. | **Objection Deadline: May 21, 2024, at 4:00 p.m. (ET)**<br>**Hearing Date: June 4, 2024, at 11:30 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO EQUITY CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3001, 3002, 3003 AND 3007 AND LOCAL RULE 3007-1**

David W. Carickhoff, the chapter 7 trustee (the "**Trustee**") of the above-captioned debtor (the "**Debtor**"), by and through his counsel, hereby files this objection (the "**Objection**") pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3001, 3002, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to certain claims asserted by various of the Debtor's equity holders (the "**Equity Holders**") on account of the Equity Holders' ownership of equity in the Debtor (collectively, the "**Equity Claims**").[1] In support of this Objection, the Trustee respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2.      The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3002, 3003 and 3007 and Local Rule 3007-1.

---

[1]      The Equity Holder Claims are identified with specificity on <u>Exhibit A</u> to the proposed order attached hereto (the "**Proposed Order**").

## BACKGROUND

3.      On February 23, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      David W. Carickhoff has been appointed as chapter 7 trustee of the Debtor's estate.

## RELIEF REQUESTED AND THE BASIS FOR RELIEF

5.      The Trustee seeks entry of an order pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3001, 3002, 3003 and 3007, and Local Rule 3007-1 disallowing the Equity Claims listed on <u>Exhibit A</u> attached to the Proposed Order, as more fully set forth below and on such Exhibit.

6.      Each of the Equity Claims are proofs of claims filed by the Equity Holders based solely on such Equity Holder's ownership of equity in the Debtor. An interest holder may not file a proof of claim to evidence its equity ownership in a debtor. *See* 11 U.S.C. § 502(a) ("A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest."); Local Rule 3007-1(d)(vi) (identifying a claim filed by a shareholder based on ownership of stock as the proper subject of a non-substantive claim objection).

7.      The Equity Holders, by virtue of filing the Equity Claims, are improperly asserting that they are entitled to treatment general unsecured creditors.  However, the Equity Holders are not creditors of the Debtor's estate.  In order to avoid the Equity Holders improperly receiving distributions as holders of general unsecured claims, the Equity Claims should be disallowed and expunged from the claims register.

## FILING AND SERVICE OF RESPONSES

8.      To contest this Objection, the Equity Holders must file with the Court, and serve on the parties identified below, a written response to the Objection (a "**Response**") so that it is **RECEIVED NO LATER THAN 4:00 P.M. (EASTERN TIME) ON MAY 21, 2024**. In addition,

4891-4096-8629, v. 1

if any Equity Holder timely files a written Response and wishes to oppose the Objection, such Equity Holder must attend the hearing scheduled to be held on **June 4, 2024, at 11:30 a.m. (Eastern Time).**

9.      Every Response shall be served upon the following entities at the following addresses:

      a.      <u>Counsel for the</u> <u>Chapter 7 Trustee</u>, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400 Wilmington, Delaware 19801 (Attn: Alan M. Root, Esquire); and

      b.      <u>The Office of the United States Trustee</u>, J. Caleb Boggs Federal Building, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Casey, Esquire).

10.     <u>Contents of Response</u>.  A Response to the Objection must contain, at a minimum, the following:

      a.      a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the Objection to which the Response is directed;

      b.      the name of the Equity Holder and description of the basis for the amount of the Equity Claim;

      c.      a concise statement setting forth the reasons why the Equity Claim should not be disallowed and expunged including, but not limited to, the specific factual and legal bases upon which the Equity Holder will rely in opposing the Objection;

      d.      all documentation or other evidence in support of the Equity Claim, upon which the Equity Holder will rely in opposing the Objection at the Hearing; and

      e.      the name, address, telephone number and fax number of the person(s) (which may be the Equity Holder or his/her/its legal representative) to whom counsel for the Chapter 7 Trustee should serve a reply to the Response and who possesses authority to reconcile, settle, or otherwise resolve the Objection to the Equity Claim on behalf of the Equity Holder.

11.     <u>Timely Response Required</u>.  If any Equity Holder fails to file and serve a timely Response, the Trustee will present to the Bankruptcy Court an order sustaining the Objection to the Equity Claim of such Equity Holder without a hearing or further notice to the Equity Holder.

4891-4096-8629, v. 1

12.    <u>Service Address</u>.  If a Response contains an address for the Equity Holder that is different from the address shown on the Equity Claim, the address in the Response shall constitute the service address for future service of papers upon the Equity Holder until the Trustee's counsel receives written notice of a change of address from the Equity Holder or the Equity Holder's counsel.

## REPLIES TO RESPONSES

13.    The Trustee may, at his option, file and serve a reply to any Response in accordance with the Local Rules of the Bankruptcy Court.

## ADJOURNMENT OF HEARING

14.    The Trustee reserves the right to seek an adjournment of the Hearing on any Response to the Objection.  In the event that the Trustee seeks such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the Equity Holders by serving the person designated in the Response.

## RESERVATION OF RIGHTS

15.    The Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor.  Moreover, the Trustee reserves his right to object to any of the Equity Claims on any other ground not asserted herein that bankruptcy and non-bankruptcy law permits.

## FURTHER INFORMATION

16.    Questions about or requests for additional information about the proposed disposition of the Shareholder Claims hereunder should be directed to the Trustee's counsel. **Equity Holders should <u>not</u> contact the Clerk of the Court to discuss the merits of the Equity Claims or this Objection**.

## **COMPLIANCE WITH LOCAL RULES**

17.     The undersigned certifies that the Objection substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trustee believes that such deviations are not material and respectfully requests that such deviations be waived.

## **NOTICE**

18.     A copy of the Objection has been served upon: (i) the United States Trustee for the District of Delaware; (ii) the Equity Holders; and (iii) the 2002 service list maintained in this case. The Trustee submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order disallowing the Equity Claims listed on Exhibit A annexed to the Proposed Order and granting such other and further relief as is just and proper.

Dated:  April 26, 2024
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email:   root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*

4891-4096-8629, v. 1